### No. 409

No. 20035—The Maryland Casualty Co. v. Daniel McDiarmid. Error to the Court of Appeals of Montgomery County.

1140. SURETIES—1. Obligor on indemnity bond voluntarily given by a public officer for faithful discharge of duty, is liable, notwithstanding such a bond is not required by law or ordinance. *

2. Such bonds are official within meaning of 11242 GC.

3. Where such a bond is executed by a bonding company, and when its form and nature of the transaction disclose that it was not intended that the officer should sign, the obligation is primary and not that of a surety.

4. Action on such a bond may be brought any time within ten years, although actien against the officer for breach has been barred.

ROBINSON, J.

1. Where the state, or a political subdivision of the state, takes from any one an indemnity bond for the faithful performance by an officer of official duty, and such bond is voluntarily given, is based upon a valuable consideration and is not prohibited by law or against public policy, liability of the obligor of such bond upon a breach of its condition is enforceable, notwithstanding the execution of such bond is not required by any statute of the state or by the charter or an ordinance of a municipality.

2. Such a bond is an official bond within the meaning and contemplation of Section 11242, General Code.

3. Where such bond is executed by a bonding company for a valuable consideration, and the form of the instrument and the whole

## PUBLISHER'S COLUMN

# The Ohio Law Abstract

Entered as second class matter, February 28, 1923, at the Post Office, Cleveland, Ohio, under the Act of March 3, 1879.

Issued Every Saturday          50 Weeks of the Year

Office, Editorial Rooms and Library, 13916 Euclid Ave. Cleveland, O.

transaction disclose that it was never intended that the officer covered by the bond was to join in its execution or its obligation, the contractual obligation of the signer thereof is primary and not that of a surety.

4. An action on such bond may be instituted at any time within the period of ten years after the cause of action accrues, even though an action against the officer for a breach of the official duty imposed upon him has been barred by the statute of limitations applicable to the act constituting such breach.

Judgment affirmed.

Marshall, CJ., Allen, Kinkade, Jones and Matthias, JJ., concur.

# THIS WEEK'S DIGEST
## Cases Published in the Abstract

**27. ACTIONS.**

1. Where court has indicated that he will rule in favor of defendant's motion to arrest the case from the jury and to direct a verdict in favor of the defendants, can plaintiff then dismiss the action without prejudice?

2. Do these circumstances constitute a final order from which an appeal might be taken? Ocean Guar. Co., et. v. Middleton. OS. Pend. 5 Abs. 346.

**93. APPROPRIATION PROCEEDINGS.**

1. Evidence of actual sales of other lands and prices for which they were sold, is competent if they are similar in their situation, relative position and other circumstances relating to value, and such sales are fair and open in the market.

2. Sales of other property to the condemning party being affected by an element which does not enter into similar transactions made in the ordinary course of business, are not compentent. Naftgzer et v. State. OA. 5 Abs. 326.

**126. BANKS & BANKING.**

A bank desiring to become depository for public moneys, issues bond secured by their directors as sureties thereon, the bank then through its directors voted securities of the bank to indemnify themselves—held such a contract is no more than one among themselves individually with themselves as directors and is therefore a nullity. Liquidation of Exchange Bk., In Re. OA. 5 Abs. 341.

**147. BILLS & NOTES—Acceptance.**

1. Evidence that drawee received and retained an order without communicating to the payee his intention as to whether or not he would accept it, does not constitute an acceptance by the drawee.

2. Fact that payee sent order to drawee by mail could not impose upon the latter the obligation to return the order or to notify the payee of his refusal to accept it. Roscoe, et v. Brewer, et. OA. 5 Abs. 338.

**167. BONDS, Surety.**

Official, though not required by law, and signer held liable, see 1140 Sureties. Maryland Cas. Co. v. Mc-Diarmid. OS. 5 Abs. 350.

Can materialman sustain action against surety on a bond guaranteeing the payment of material on a private contract and will changes in contract without surety's knowledge release the surety? Globe Indem. Co. v. Jackson Lumb. Co. OS. Pend. 5 Abs. 347.

**191. BURDEN OF PROOF.**

Where vendor brings an action against the vendee to recover an unpaid balance on a real estate transaction and the vendee pleads as a defense, payment, burden is on the vendee to prove same. Moeskops v. Bodman, et. OA. 5 Abs. 340.

**208. CARRIERS.**

Although carrier is held to highest degree of care, when he uses safety equipment in general use among like carriers, and the cause of the injury is unforeseen and unusual, it is not error to direct a verdict in its favor. Gorman v. Cleveland (City) et. OA. 5 Abs. 338.

**225. CHARGE TO JURY.**

Where in a special charge, the judge says "that where one of two innocent parties must bear loss through fraud of a third, the one committing the first oversight must bear the loss," the general charge is not to consider fraud of third person and it is not error or in conflict with special charge because the acts of the third person were not controlling except to show who first trusted the third party. Moeskops v. Bodman, et. OA. 5 Abs. 340.

Failure of trial court to charge explicitly as to whether an agent ha dauthority to make binding contract, and charging that plaintiff only had to prove said agent a representative of the company, is error. Sears, Roebuck & Co. v. Keller. OA. 5 Abs. 343.

**225. CHARGE TO JURY—Leases.**

Charge by court that if lessor said to lessee, that "lease is cancelled and you are under no further obligation", that would amount to a cancellation of the obligation, is reversible error, as the statement standing alone, would import no consideration and would not effect a release of lessee from compliance with the terms of the lease. Thatcher v. Pappas, et. OA. 5 Abs. 323.

**230. CHILDREN.**

Acquire a legal settlement in a county to which mother removes—see 417 Domicile. Summit Co. (Bd. of Comm.) v. Trumbull Co. (Bd. of Comm.). OS. 5 Abs. 349.

Where a testator devised land to his son Isaac Albright for life, remainder to his children if any living and if no children living to the legal representatives of the Albright family, Isaac having died without children, a child adopted fifteen years after testator's death does not take under the will. Albright, et. v. Albright, et. OS. 5 Abs. 349.

**297. CONTRACTS.**

Exclusive sales contract. Third party sells property; held that broker can recover amount of commission upon sale price by third party. Dickenson v. Hooker Co. OA. 5 Abs. 341.

**313. CORPORATIONS.**

1. The inalienable right of a corporation to choose a situs is recognized by the enactment of 8625 GC.

2. Articles of incorporation specifying the place where the principal office of the corporation is to be located, is conclusive as to its location. Stanton, Pros. Atty. v. Tax Comm., et. OA. 5 Abs. 326.

**355. DAMAGES.**

Compensatory damages in the amount of $2500 against several defendants in a malicious prosecution case and $7500 punitive damages against one of the defendants is proper, and not excessive. Scrambling Co. et. v. Drug Co. OA. 5 Abs. 325.

(Continued on page 352)